IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| SUSANNE RAVENSCRAFT, | ) | | |
| | ) | | |
| Plaintiff, | ) | No. | 09 C 6617 |
| v. | ) | | |
| | ) | Judge Robert W. Gettleman | |
| BNP MEDIA, INC., a Michigan corporation, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Susanne Ravenscraft ("Ravenscraft"), has brought a four-count complaint against her former employer, BNP Media, Inc. ("BNP"), alleging age and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, (Counts I and II), failure to pay commission and bonus (Count III), and requesting an accounting (Count IV). Defendant has moved to dismiss all four counts under Fed. R. Civ. P. 12(b)(6) for failure to state a claim due to a contractual limitations period. For the reasons discussed below, because both parties rely on matters outside the pleadings, the 12(b)(6) motion to dismiss is converted to a Rule 56 motion for summary judgment and is granted.

**FACTS**

Plaintiff worked for approximately eight years for defendant's predecessor, Stagnito Communications ("Stagnito"). During that time she received pay increases, additional responsibilities and was ultimately promoted to Vice President around 2002 or 2003. As a Vice President, with multiple responsibilities in multiple departments, plaintiff was compensated with a salary, commissions and bonuses.

Around September of 2007 defendant acquired Stagnito.  When the acquisition was announced, the employees were informed that, with the exception of certain named officers, they would be retained.  As a condition of employment with defendant, however, all employees were required to fill out and sign an employment application.  This application contained a provision stating that an employee "shall not commence any action or other legal proceeding related to [her] employment or the termination thereof more than six months after the event complained of and agree[s] to waive any stature [sic] of limitations to the contrary[.]"  Plaintiff signed and dated this application.

In the weeks surrounding the acquisition, defendant fired, did not retain, and/or pressured into resigning at least five women who were all older than 40, none of whom were offered severance.  Plaintiff is 52.  Despite the fact that it appeared plaintiff would be employed by defendant, many of her responsibilities were assigned to younger and less experienced employees and she was excluded from meetings involving her staff.  On approximately September 21, 2007, in a meeting with Rita Foumia, defendant's Human Resources Director, and Christine Baloga, defendant's Audience Development Director, plaintiff was discharged and told that defendant did not have a place for her.  Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July, 14, 2008, and received her right to sue letter on July, 28, 2009.

## DISCUSSION

Defendant BNP has moved to dismiss plaintiff's amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Such motions challenge the sufficiency of the complaint, not the merits, and should be granted only if plaintiff's allegations fail to raise a

plausibility of success. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-64, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). To state a claim upon which relief can be granted, a plaintiff must satisfy two conditions: (1) the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009); *Twombly*, 550 U.S. at 555; *E.E.O.C. v. Concentra Health Servs.*, Inc., 496 F.3d 773, 776 (7th Cir. 2007).

Defendant argues that all four counts of defendant's complaint are time-barred by the limitations provision contained in the employment application. That provision limited to six months the amount of time in which plaintiff could take legal action against defendant relating to her employment. Plaintiff did not take any legal action until 288 days after the event constituting discrimination when she filed a charge with the EEOC, and did not file her complaint until over two years after her termination. Therefore, defendant argues that all four counts of plaintiff's complaint are untimely.

The employment application that plaintiff signed after the acquisition, however, is neither attached to nor referenced in the complaint. Therefore, it cannot be considered on a Rule 12(b)(6) motion. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). Under Rule 12(d), the court can convert the motion to a Rule 56 motion for summary judgment and give the parties an opportunity to present additional material pertinent to the motion. In the instant case, the parties have already briefed the legal effect of the employment application and have presented all the material they need. Indeed, plaintiff attaches a complete copy of the application to her brief

in opposition, and agrees that she signed it as alleged by defendant. Accordingly, the court will view the motion as seeking summary judgment under Rule 56.

To avoid the consequences of the contractual limitations period, plaintiff argues that the provision is unenforceable because the employment application is not a valid employment agreement. Plaintiff also asserts that, even if the agreement is valid, her short period of employment would be inadequate consideration. As is true with all contracts, the contract here requires offer, acceptance and consideration. *Sheller by Sheller v. Frank's Nursery & Carpets, Inc.*, 957 F. Supp. 150, 154 (N.D. Ill. 1997).

Plaintiff's exact argument was rejected in *Sheller*, in which the plaintiffs signed an employment application that provided: "any claim that I may wish to file against the Company...must be submitted for binding and final arbitration...." *Id.* at 152. The employment application also stated: "I understand that this is an application for employment and that no employment contract is being offered." *Id.* at 154. After they were fired, the plaintiffs sued the defendant for sex discrimination under Title VII. *Id.* at 152. The defendant moved to compel arbitration and the plaintiffs responded by arguing that because the arbitration clause was in the employment application, which by its own terms was not an employment contract, there was no contractual agreement to arbitrate. *Id.* at 154. The court rejected the plaintiffs' argument, holding that "[t]he issue...is not whether the employment application qualifies as an employment contract, but whether the application qualifies as a valid contract to arbitrate." *Id.* The court then concluded that offer, acceptance and consideration were present because the defendant agreed to consider the plaintiffs for employment if the plaintiffs, upon employment, agreed to abide by the company rules– including the agreement to arbitrate all disputes. *Id.* Similarly, in

the instant case defendant agreed to consider plaintiff for employment if plaintiff, upon employment, agreed to abide by the company rules– including the agreement to shorten the limitations period.

Plaintiff's reliance on *Mimica v. Area Interstate Trucking, Inc.*, 250 Ill.App.3d 1328 (Ill. App. Ct. 1 Dist. 1993), as evidence that the agreement was not supported by consideration, is also incorrect. In *Mimica*, in consideration for continued employment, the plaintiff had to assign all his substantive patent rights. *Id.* at 1330. Then, when terminated he was left without employment and without those substantive rights. *Id.* In the instant case, plaintiff was not giving up any substantive rights. Upon her termination, plaintiff retained her right to sue. She simply limited the period of time in which to exercise that substantive right. Given the fact that an individual can agree to give up the right to sue, such as by agreeing to arbitrate, then certainly an individual can agree to limit the period in which to sue. *See Sheller*, 957 F. Supp. at 150. Therefore, the clause is contractually valid, and "absent a controlling statute to the contrary" is enforceable as to plaintiff's claims. *Cole v. Federal Exp. Corp.*, 2008 WL 4307090 (E.D.Pa. 2008).

Plaintiff argues that even if the employment agreement is a contract, the contractual shortening here is ineffective as to the state-law claims because agreements waiving the protections of the Illinois Wage Payment and Collection Act, 820 ILCS 115/9 ("IWPCA"), are void and inconsistent with Illinois public policy. The IWPCA, in § 9, prohibits a release of an employee's claim as a condition precedent to receiving payment for already-earned wages. *Id.* Plaintiff similarly argues that the Older Workers Benefit Protection Act, 29 U.S.C. § 626(f)(1) ("OWBPA"), prohibits a contractual shortening of the limitations clause in the instant case, thus

making the provision ineffective against plaintiff's age discrimination claim.  The OWBPA provides that a waiver of a claim under the OWBPA is ineffective unless that waiver is "knowing and voluntary" and meets a number of other conditions.  *Id* .

The shortening of a limitations period, however, is not a waiver of a claim.  Also, plaintiff agreed to shorten the limitations period as a condition precedent to *employment*, not to receiving previously earned wages as protected under the IWPCA .  Therefore, the § 9 prohibition of the IWPCA and the "knowing and voluntary" waivers of the OWBPA are inapplicable.  Also, Illinois has "routinely upheld contractual provisions shortening a limitations period otherwise provided by statute."  *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 706 (7th Cir. 2004).  Moreover, federal and Illinois cases have noted that an inequality in bargaining power between an employer and an employee alone is insufficient to invalidate an otherwise enforceable agreement.  *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991); *Melena v. Anheuser-Busch, Inc.,* 219 Ill.2d 135 (2006).  Therefore, the shortening of the limitations period in the instant case is not invalidated by statute.

Plaintiff next argues that a shortening of the statute of limitations is ineffective against any federal claims for which Congress has set a longer limitations period.  Plaintiff cites *Taylor v. Western & Southern Life Ins. Co.,* 966 F.2d 1188 (7th Cir. 1988), to support her contention that plaintiff should be allowed to proceed on her Title VII claim despite an employment contract shortening the limitations period. See *O'Phelan v. Federal Express Corp.*, 2005 WL 2387647 (N.D. Ill. 2005).  Plaintiff also references *Martini v. Federal Nat'l Mortg. Ass'n*, 178 F.3d 1336 (D.C. Cir. 1999), which held that an EEOC Notice of Right to Sue was flawed because the EEOC had issued it at the employee's request fewer than 180 days after the Charge

of Discrimination was filed, rather than taking the entire 180-days allotted by Title VII to investigate. Plaintiff infers from this holding that, because the 180-day EEOC investigative period cannot be shortened, it would potentially be impossible to file a lawsuit within 180 days of the incident.

The logic underlying plaintiff's reliance on these cases is that due to the administrative process established by the EEOC, shortening the amount of time to bring a claim in court would potentially render the EEOC process completely ineffective. A plaintiff has 300 days to file an EEOC charge in a dual filing state, such as Illinois. *Howard v. Bd. of Educ. Of Sycamore Community Unit School Dist. No. 427*, 876 F. Supp. 959, 971 (N.D. Ill. 1995). After a charge is filed, the EEOC investigates the charge and determines whether the alleged discrimination is supported by the facts. See 42 U.S.C. § 2000e-5(b). If the EEOC finds facts to support the charge it will engage in conference, reconciliation, and possibly civil suit. See 42 U.S.C. § 2000-e(5)(f). If, after 180 days, the EEOC does not find "reasonable cause" to engage the employer, the plaintiff receives a "right to sue letter" authorizing him or her to file a suit. See 29 C.F.R. § 1601.28. The plaintiff then has 90 days to file suit after receiving the letter. 42 U.S.C. § 2000e-5(f)(1). If a plaintiff were required to actually file suit within 180 days, this would significantly curtail the ability of the EEOC to serve any purpose because its investigate period would be cut unreasonably short.

*Taylor* did not, however, actually rule on the Title VII claim. The defendant in *Taylor* did not include the Title VII claim in the motion to dismiss, but rather answered the Title VII charge. (Docket Entry No. 13 for *Taylor v. Western & Southern Life Ins. Co.*, Case No.: 3:88-cv-03377-WDS). Consequently, the Title VII claim was not "allowed" to proceed; it simply was

not before the *Taylor* court. Similarly, given the *O'Phelan* court's reliance on this misinterpretation, it too is inconclusive in the instant case. 2005 WL 2387647 at *4 (N.D. Ill. 2005). Lastly, regarding *Martini*, defendant correctly notes that this court has previously rejected the holding in *Martini* and accepted the position that the issuance of an early right-to-sue notice is enforceable. *Baker v. Gardner, Carton & Douglas*, 1997 WL 781712, 2 (N.D. Ill. 1997). Not only are the cases cited by plaintiff inapposite, but the procedural reasoning behind disallowing a shortened limitations period for Title VII claims does not support her position in the instant case.

In any event, the six month contractual limitations clause in the instant case does not interfere with the regulatory periods prescribed by Title VII, because filing a charge with the EEOC or a state agency would have constituted "any action or other legal proceeding." Had plaintiff filed her EEOC charge within six months of her termination, she would have satisfied her contractual obligation. By waiting more than nine months before filing, plaintiff's claim is untimely.

## CONCLUSION

For the foregoing reason, this court grants defendant's motion to dismiss.


**ENTER:** **April 15, 2010**


_____
**Robert W. Gettleman**
**United States District Judge**

8